Barker, J.
The action is for money had and received by the defendant to and for the use of plaintiffs. The complaint alleges that the plaintiffs delivered to the defendant a certain quantity of cheese for him to sell on their account; .and that he afterwards sold the same for the sum of $800 and *163 received the pay therefor which he refused to pay over upon demand. The defendant appeared and put in an answer which contained, among other things, a general denial. Thereafter he offered to allow the plaintiffs to 'take judgment against him, for the sum of $841.55 with costs, which the plaintiffs accepted in writing. The plaintiffs then applied for and procured from the County Judge an order of arrest. The defendant moved, before the County Judge, who granted the order, to vacate the same upon the same papers upon which it was procured, which motion was denied. The offer of judgment and its acceptance disposed of the issues joined under the pleadings and the case then stood as if they had been tried with a general verdict rendered in the plaintiff’s favor for the same sum.
If the plaintiffs, at the time of the commencement of this action, had a right to an order of arrest upon the facts of the case, it was not superseded by an acceptance of the offer of judgment. This is clearly an action upon contract. The complaint alleges an agreement on the part of the defendant and avers a breach of his promise as therein set forth. The money received by the defendant was the money of the plaintiffs and as he acted in a fiduciary capacity he was for that reason subject to an arrest, as provided in subdivision 3, sec. 550, of the Code of Civil Procedure. The neglect and refusal to pay over the money when demanded did not make him a tort-feasor. An agent or a person acting in any other fiduciary capacity, is not subject to an action of tort, for the mere omission to pay over money which he may have collected on account of his principal; but he is liable in an action in form ex delicto, for acts of misfeasance which may result in an injury to the persons he represents. Segelken v. Meyer, 94 N. Y., 484.
The question before us is, did the affidavits and papers disclose a case subjecting the defendant to an arrest. That he acted as the agent of the plaintiffs and received their money and neglected to pay over the same on proper demand is fairly established. The affidavit of Collins, one of the plaintiffs, read on procuring the order, is direct and positive, and states, that on the fifth of September, 1884, the plaintiffs employed the defendant to sell on commission 4262 pounds of cheese, the property of the plaintiffs, and thereupon they delivered the same to him for that purpose, and that such cheese is the same cheese mentioned in the deposition of John Dougherty, winch was also read to the officer. The same affiant, upon his information and belief, further stated, that the defendant, in the month of September, 1885, sold the cheese for the sum of $341.93 which sum the said defendant received. The cheese in question was shipped by the defendant to the firm of Shields & Dougherty, commission merchants in the city of New York, who received and sold the same and paid over to the defendant $300 by paying *164 'liis draft on them for tbat amount. There is nothing in the papers indicating that the defendant became the plaintiff’s agent for the sole and only purpose of shipping the goods to the New York house, the latter to act as the plaintiff’s agent, in making a sale. The affidavits fairly establish, that the defendant made the New York parties his own agents and that they were ignorant of the fact that he was not the real owner of the goods. The defendant was made liable to an arrest in an action for the money which he actually received, derived from a sale of the goods, but not for the goods sold for which he never received pay.
It is insisted by the defendant that the offer of judgment embraced an item of 141.93, being for a balance due from Shields & Dougherty which was never received by him in any form. If this be so, then the plaintiffs were not entitled to an order of arrest for the reason that the defendant is subject to arrest in this action only for money actually received. Mr. Collins’ affidavit as to the amount received by the defendant for goods sold being on information and belief proves nothing, standing alone. The other proofs on the subject are found in the deposition of Mr. Dougherty, a member of the firm of Shields & Dougherty, who says that his house had paid to the defendant on his draft drawn on them for the sum of three hundred dollars, he 'also states that after the sale of the cheese and on or about the 20th of September, 1884, that Ms firm rendered an account of the sales to the defendant for the cheese and thereafter accounted to him for the balance due on account of the shipment of cheese; that the defendant had an account with the firm and they gave -him credit for the balance of $41.93. We think that this affidavit, unaided by the defendant’s tacit admission, contained in Ms offer of judgment, does prove that the balance of the sales, to wit, $41.93, was paid directly or indirectly to the defendant. The property received by the New York house was the plaintiff’s property. The debt due from them .on making a sale of the cheese was due and owing to the plaintiffs. Until those parties in fact paid to the defendant in some form ail the jiroceeds of the sale, the plaintiffs could claim that payment should be made to them. But Shields & Dougherty could discharge their liability by making payment to the defendant as them principal, they being ignorant of the fact that he was the plaintiffs’ agent in dealing with the goods. Nichols v. Martin 35 Hun, 168.
We do not learn from Mr. Dougherty’s deposition the state of the account with the defendant when he was credited on their books with a balance of $41.93. If they were the defendant’s debtor at that time it would not be a payment within any view which can be taken of the transaction and they would be liable to the plaintiffs for such balance. Without some evi *165 dence on the subject we cannot say that the defendant has directly or indirectly received pay for the balance mentioned. The cause of action as set out in the complaint was based upon the alleged fact that the defendant had sold all the goods delivered to him and received pay in full therefor. We think that the offer of judgment made by the defendant, in view of the allegations in the complaint and the nature of the transaction, was a tacit admission on Ms part that he had in fact sold all the goods and had received in some form a sum of money equal to the sum mentioned in the offer of judgment which became due from him to the plaintiffs. This offer was before the County Judge who granted the order of arrest together with the complaint and they constituted a part of the papers and proofs on wMch he acted. From all the proofs the facts seems to be fairly established, that the defendants had received the sum of money for wMch the plaintiffs are at liberty to enter judgment. It will not embrace any item of indebtedness for which the defendant is not subject to an order of arrest on a body execution.
After giving attention to the other points made by the appellant and consulting all the authorities cited by counsel we fail to discover any view wMch can be taken of the case different from those already indicated.
The order should be affirmed with ten dollars costs and disbursements.
All concur.